J. S06043/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
                                   :             PENNSYLVANIA
                 v.            :
                                   :
JAMIR EDMONDS               :         No. 2506 EDA 2019
                                   :
          Appellant      :

Appeal from the PCRA Order Entered August 7, 2019,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0001936-2013

BEFORE:  LAZARUS, J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       Filed: March 18, 2020

Jamir Edmonds appeals **_pro se_** from the August 7, 2019 order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The relevant facts of this case were summarized by the trial court on direct appeal and are not necessary to our disposition.  (**_See_** trial court opinion, 3/26/15 at 1-3.)  The pertinent procedural history of this case, as gleaned from the certified record, is as follows:  On May 1, 2014, a jury found appellant guilty of first-degree murder[1] in connection with the shooting death of Edward Taylor in Chester, Pennsylvania.  The trial court sentenced appellant to a mandatory term of life imprisonment on July 10, 2014.  On October 30,

---

[1] 18 Pa.C.S.A. § 2501(a).

2015, a panel of this court affirmed appellant's judgment of sentence, and our supreme court denied allowance of appeal on March 23, 2016. *See Commonwealth v. Edmonds*, 134 A.3d 109 (Pa.Super. 2015) (unpublished memorandum), *appeal denied*, 135 A.3d 583 (Pa. 2016). Appellant did not file a petition for writ of *certiorari* with the Supreme Court of the United States.

On November 10, 2016, appellant filed a timely *pro se* PCRA petition, and Stephen D. Molineux, Esq. ("PCRA counsel"), was appointed to represent him. On November 2, 2017, appellant filed a *pro se* motion requesting that the PCRA court appoint alternative counsel. On January 9, 2018, the PCRA court entered an order denying appellant's request. PCRA counsel subsequently filed a "no-merit" letter and petition to withdraw in accordance with *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*), concluding that there existed no meritorious issues to raise on appellant's behalf. Appellant filed a *pro se* response to counsel's "no merit" letter on June 18, 2019. On July 3, 2019, the PCRA court granted counsel permission to withdraw and provided appellant with notice of its intention to dismiss his petition without a hearing, pursuant to Pa.R.Crim.P. 907(1). Thereafter, on August 7, 2019, the PCRA court dismissed appellant's PCRA petition.

Appellant filed a timely *pro se* notice of appeal on August 27, 2019. On August 29, 2019, the PCRA court ordered appellant to file a concise statement

of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b), within 21 days. Appellant failed to comply with the PCRA court's order. The record contains no indication that appellant sought, or that the PCRA court granted, an extension of time for filing. The PCRA court filed its Rule 1925(a) opinion on October 9, 2019, concluding that appellant waived all his claims for failing to file a Rule 1925(b) statement and, alternatively, his ineffectiveness claims are devoid of merit. (**See** PCRA court opinion, 10/9/19 at 2-6.)

On appeal, appellant raises multiple allegations of ineffectiveness on the part of both his trial counsel[2] and PCRA counsel. (**See** appellant's brief at 6.)

Prior to any consideration of the merits of appellant's claims, we must address whether appellant preserved his issues for review. Our supreme court has long recognized that "Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived." **Commonwealth v. Hill**, 16 A.3d 484, 494 (Pa. 2011); **see also Commonwealth v. Schofield**, 888 A.2d 771, 774 (Pa. 2005) (stating that "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised."); Pa.R.A.P. 1925(b)(4)(vii) (stating, "[i]ssues . . . not raised in accordance with the provisions of this paragraph (b)(4) are waived."). This is true even if the PCRA court has authored an opinion addressing what it perceives to be the issues appellant

---

[2] Appellant was represented at trial by Scott David Galloway, Esq.

will raise on appeal, as is the case here. *See Commonwealth v. Parrish*, ___ A.3d ___, 2020 WL 355016, at *15 (Pa. January 22, 2020) (stating, "the mere fact that a court has authored an opinion addressing potential appellate issues does not excuse an appellant from complying with Pa.R.A.P. 1925(b).").

In *Greater Erie Industrial Dev. Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222 (Pa.Super. 2014) (*en banc*), a panel of this court declared that,

> it is no longer within this Court's discretion to review the merits of an untimely Rule 1925(b) statement based solely on the trial court's decision to address the merits of those untimely raised issues. Under current precedent, even if a trial court ignores the untimeliness of a Rule 1925(b) statement and addresses the merits, those claims still must be considered waived[.]

*Id.* at 225. The *Greater Erie* court further stated that,

> there are still operative exceptions to Rule 1925(b) waiver with regard to timeliness. In determining whether an appellant has waived his issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation . . . therefore, we look first to the language of that order.

*Id.* (citations, internal quotation marks, and brackets omitted).

Here, a review of the record reveals that the PCRA court's Rule 1925(b) order complied with the requirements of Subsections (b)(3)(i)-(iv). Specifically, the Rule 1925(b) order directed appellant to file and serve "upon the undersigned" his concise statement within 21 days of the date the order is docketed, or by September 19, 2019. (Concise statement order, 8/29/19

at ¶¶ 1-3.) The Rule 1925(b) order also tracked the language of Subsection (b)(3)(iv), informing appellant that "[a]ny issues not properly included in the Concise Statement of Matters Complained of on Appeal filed and served pursuant to the provisions of Pa.R.A.P. 1925(b) shall be waived." (***Id.*** at ¶ 4; ***see also*** Pa.R.A.P. 1925(b)(3)(iv).) Additionally, the record indicates that the trial court's Rule 1925(b) order was docketed on August 29, 2019, and was forwarded to the Delaware County District Attorney's Office and ***pro se*** appellant. Accordingly, because the record demonstrates that appellant failed to file a Rule 1925(b) statement in accordance with the PCRA court's directive, we find all of appellant's issues waived.[3]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/18/20

---

[3] Alternatively, even if appellant had not waived his claims on appeal, we agree with the PCRA court's well-reasoned conclusions that appellant's allegations of ineffective assistance of trial and PCRA counsel warrant no relief. (***See*** PCRA court opinion, 10/9/19 at 3-6.)